UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MOORE, M.D.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL D. INGHAM, III, et al.,<br><br>    Defendant(s). | Case No. CV 15-9275-JAK (KK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to Title 28 of the United States Codes, section 636, the Court has reviewed the Complaint, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge. No objections have been filed. The Court accepts the findings and recommendation of the Magistrate Judge.

In addition, as discussed below, the Court finds the Complaint subject to dismissal for failure to comply with Rule 8 and failure to state a claim.

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627 (2005) (citation omitted).

1  Additionally, Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In order to meet the pleading requirements of Rule 8 and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted).

As a preliminary matter, it is difficult for the Court to determine the exact nature of Plaintiff's claims. Plaintiff does not specify what actions were allegedly committed by which actors in order to produce a constitutional harm, nor what relief he seeks. As a result of the Complaint's lack of clarity and specificity, the Court cannot decipher the nature of Plaintiff's claims. Hence, the Complaint does not give Defendants adequate notice of the legal claims being asserted against them and fails to comply with Rule 8. See Dura Pharms., Inc. 544 U.S. at 346; see also McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996). Accordingly, the Complaint must be dismissed.

Second, to the extent Plaintiff seeks to vacate the orders and judgments in the underlying probate action in state court, the Court lacks subject matter jurisdiction to adjudicate such claims under the Rooker-Feldman doctrine. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); see also Hanson v. Firmat, 272 F. App'x 571, 572 (9th Cir. 2008)[1] (holding the Rooker–Feldman doctrine barred the plaintiff's Section 1983

---

[1] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

2

1  action against the county alleging due process violations in connection with child
2  custody proceedings). The Rooker-Feldman doctrine bars "cases brought by state-
3  court losers complaining of injuries caused by state-court judgments rendered
4  before the district court proceedings commenced and inviting district court review
5  and rejection of those judgments." Exxon Mobil Corp., 544 U.S. at 284. Hence, to
6  the extent the Complaint requests this Court overturn and reverse the state court's
7  actions, it fails to state a cognizable claim.
8        Finally, Plaintiff's claims against the Los Angeles Superior Court are barred
9  by the Eleventh Amendment and judicial immunity. Greater Los Angeles Council
10 on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against
11 the Superior Court is a suit against the State, barred by the eleventh amendment.");
12 Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir.
13 1987) (judicial officers are entitled to absolute judicial immunity); Hiramanek v.
14 Clark, No. C-13-0228 EMC, 2014 WL 107634, at *6 (N.D. Cal. Jan. 10, 2014)
15 (extending judicial immunity to the state court). A suit for prospective injunctive
16 relief for violations of federal law provides a narrow exception to immunity when a
17 plaintiff seeks prospective injunctive relief. See Agua Caliente Band of Cahuilla
18 Indians v. Hardin, 223 F.3d 1041, 1048 (9th Cir. 2000) (citing Ex Parte Young,
19 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)); see also Doe v. Lawrence
20 Livermore Nat. Lab., 131 F.3d 836, 839 (9th Cir. 1997) (finding "job reinstatement
21 constitutes prospective injunctive relief"). However, it is unclear from the
22 Complaint precisely what, if any, federal laws Plaintiff alleges are being violated
23 by the Los Angeles Superior Court and what, if any, prospective relief Plaintiff is
24 seeking. Hence, Plaintiff fails to state a claim against the Los Angeles Superior
25 Court.
26 ///
27 ///
28 ///

///

IT IS THEREFORE ORDERED that Judgment be entered dismissing this action without prejudice.

Dated: Sept 2, 2016

_____
HONORABLE JOHN A. KRONSTADT
United States District Judge